IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00164-REB-KLM

SANJAY ISRANY, on Behalf of Himself and All Others Similarly Situation,

    Plaintiff,

v.

VENOCO, INC.,
TIMOTHY M. MARQUEZ,
J.C. MCFARLAND,
JOEL L. REED,
DONNA L. LUCAS,
M.W. SCOGGINS,
RICHARD S. WALKER, and
MARK A. SNELL,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Lawsuit** [Docket No. 21; Filed May 11, 2012] (the "Motion"). The parties seek a stay of sixty days in this matter. They state that there are multiple class action lawsuits pending against Defendants, based on the same transaction which is the subject of the instant lawsuit, in Delaware's Chancery Court. The parties believe that the proceedings in Delaware "will be structured in such a way that the Parties would agree to dismiss this case or ask that it be administratively closed."

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to impose a stay when critical issues are pending. *See, e.g.*, *Wason Ranch*

*Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). With respect to imposition of a stay based on proceedings in other courts, the Ninth Circuit Court of Appeals has stated:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

When exercising its discretion to stay a matter, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with scheduling and discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with scheduling and discovery; (3) the convenience to the Court of staying scheduling and discovery; (4) the interests of nonparties in either staying or

proceeding with scheduling and discovery; and (5) the public interest in either staying or proceeding with scheduling and discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

Turning to the first and second elements, both parties agree that it is in their best interest for the Court to impose a stay in this matter for sixty days.  Thus, the Court finds that Plaintiff has identified no prejudicial impact which would result from waiting sixty days for scheduling and discovery, and that Defendant has demonstrated that proceeding with scheduling and discovery in this matter may present an undue burden when the parties may agree to dismiss or administratively close this case based on the proceedings in the Delaware court.  Accordingly, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of staying scheduling and discovery.

With regard to the third factor, the Court will have to expend its time and limited resources to adjudicate this dispute.  It is certainly more convenient for the Court to stay scheduling and discovery until it is clear that the case is not mooted or otherwise redirected or resolved as the result of proceedings in another court.  Accordingly, the third *String Cheese Incident* factor weighs in favor of staying scheduling and discovery.

With regard to the fourth factor, the parties have indentified no non-parties with an interest in either staying or proceeding in this matter. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against staying scheduling and discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the parties and the Court clearly serves this interest.  Thus, the fifth *String Cheese*

*Incident* factor weighs in favor of staying scheduling and discovery.

Weighing the relevant factors, the Court concludes that staying scheduling and discovery for sixty days is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#16] is **GRANTED**. All scheduling and discovery is stayed through and including July 17, 2012.

IT IS FURTHER **ORDERED** that Defendants shall file an answer or otherwise respond to the Amended Complaint [#7] **no later than July 31, 2012**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for July 5, 2012 at 11:00 a.m. is **VACATED** and **RESET** to **September 18, 2012 at 10:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **September 13, 2012**.

DATED: May 17, 2012 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge